# UNITED STATES AIR FORCE COURT OF CRIMINAL APPEALS

————————————

**No. ACM S32443**

————————————

**UNITED STATES**
*Appellee*

**v.**

**Kevin R. STOCTON**
Airman First Class (E-3), U.S. Air Force, *Appellant*

————————————

Appeal from the United States Air Force Trial Judiciary
Decided 6 June 2018

————————————

*Military Judge:* Brian D. Teter.

*Approved sentence:* Confinement for 12 months, forfeiture of $966.00 pay per month for 12 months, and reduction to E-1. Sentence adjudged 19 October 2016 by SpCM convened at Whiteman Air Force Base, Missouri.

*For Appellant:* Major Patrick A. Clary, USAF; Major Megan Hoffman-Logsdon, USAF.

*For Appellee:* Lieutenant Colonel Joseph J. Kubler, USAF; Major Clayton H. O'Connor, USAF; Major J. Ronald Steelman III, USAF; Mary Ellen Payne, Esquire.

Before JOHNSON, MINK, and DENNIS, *Appellate Military Judges*.

Judge MINK delivered the opinion of the court, in which Senior Judge JOHNSON and Judge DENNIS joined.

————————————

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 18.4.**

————————————

MINK, Judge:

A special court-martial convicted Appellant, in accordance with his pleas, of one specification of violating a lawful order, two specifications of wrongful

use of methamphetamine on divers occasions, one specification of wrongful possession of methamphetamine, and one specification of wrongful possession of drug paraphernalia, in violation of Articles 92, 112a, and 134, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 892, 912a, 934. Officer members sentenced Appellant to 12 months of confinement, forfeiture of $966.00 pay per month for 12 months, and reduction to E-1. The convening authority approved the sentence as adjudged.

Pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), Appellant raises the sole issue of whether his sentence is inappropriately severe. We also address additional errors in the post-trial processing of his case that were not raised by Appellant. Finding no error materially prejudicial to a substantial right of Appellant, we affirm the findings and sentence.

## I. BACKGROUND

Appellant entered active duty on 10 February 2015. Whiteman Air Force Base (AFB), Missouri was his first and only duty assignment. Most of Appellant's offenses occurred at or near Whiteman AFB and all involve his use of methamphetamine or relate directly to his use of the drug.

Between 10 June 2016 and 17 August 2016, Appellant used methamphetamine more than once a day by injecting it into his forearm. His drug use was first discovered when he tested positive on a random urinalysis conducted on 24 June 2016. Appellant also tested positive for methamphetamine on a subsequent consent urinalysis conducted on 17 August 2016 and then again on a commander-directed urinalysis conducted on 22 August 2016.

Appellant entered an inpatient drug rehabilitation facility in Kansas City, Missouri on 23 August 2016. He took methamphetamine with him into the facility by placing the drug in a hole he had cut in his uniform pants and he continued to use the drug during the first week of the rehabilitation program. For reasons that are unclear in the record, Appellant was released from the facility on 12 September 2016 after only 20 days in the rehabilitation program. He resumed using methamphetamine as soon as he returned to Whiteman AFB.

On 13 September 2016, Appellant was restricted to the confines of Whiteman AFB by his squadron commander. Between 18 August 2016 and 24 September 2016, Appellant used methamphetamine on multiple occasions by injecting it or inhaling it. On 24 September 2016, Appellant left Whiteman AFB in violation of his squadron commander's order and was apprehended when he tried to re-enter the base in possession of three baggies of methamphetamine, which were then seized by investigators. Appellant later admitted this was the third time that he had left the base since being ordered not to do

so. Appellant also consented to a search of his dormitory room where investigators discovered nine syringes used for injecting the drug, five of which Appellant had already used.

While staying at the home of Staff Sergeant (SSgt) SB on the night of 25 September 2016, Appellant discovered that he still had some methamphetamine in his wallet. Appellant turned the drug over to SSgt SB, who provided it to investigators. On 26 September 2016, Appellant was placed into pretrial confinement, where he remained until his court-martial.

## II. DISCUSSION

### A. Sentence Severity

Appellant asserts that his sentence to 12 months of confinement is inappropriately severe. We disagree.

#### 1. Law

We review issues of sentence appropriateness de novo. *United States v. Lane*, 64 M.J. 1, 2 (C.A.A.F. 2006) (citing *United States v. Cole*, 31 M.J. 270, 272 (C.M.A. 1990)). "Congress has vested responsibility for determining sentence appropriateness in the Courts of Criminal Appeals." *United States v. Wacha*, 55 M.J. 266, 268 (C.A.A.F. 2001). This power "reflects the unique history and attributes of the military justice system, [and] includes but is not limited to considerations of uniformity and evenhandedness of sentencing decisions." *Id.* (quoting *United States v Sothen*, 54 M.J. 294, 296 (C.A.A.F. 2001)).

Accordingly, we may affirm only as much of the sentence as we find correct in law and fact and determine should be approved on the basis of the entire record. Article 66(c), UCMJ, 10 U.S.C. § 866(c). "We assess sentence appropriateness by considering the particular appellant, the nature and seriousness of the offense[s], the appellant's record of service, and all matters contained in the record of trial." *United States v. Sauk*, 74 M.J. 594, 606 (A.F. Ct. Crim. App. 2015) (alteration in original) (quoting *United States v. Anderson*, 67 M.J. 703, 705 (A.F. Ct. Crim. App. 2009)). Although we have great discretion to determine whether a sentence is appropriate, we have no power to grant mercy. *United States v. Nerad*, 69 M.J. 138, 146 (C.A.A.F. 2010).

#### 2. Analysis

Appellant argues that confinement for 12 months is inappropriately severe given his cooperation with investigators and throughout the court-martial process, including pleading guilty to the charged offenses. His sentence to confinement already having been served, Appellant does not ask that the sentence to confinement be reduced. Instead, Appellant asks for reduction in the "amount

or duration of the fine adjudged," apparently referring to the adjudged forfeitures as no fine was adjudged as part of his sentence.

After reviewing all of the evidence, including the tragic and traumatic events in Appellant's life and family prior to his entering the Air Force, the court members determined a sentence including 12 months of confinement was appropriate. Significantly, the court members chose not to impose a bad-conduct discharge in Appellant's case. Appellant's offenses were serious, varied, and took place over a period of several months until he was eventually placed into pretrial confinement. His sentence is correct in law and fact. Having given individualized consideration to Appellant, the nature and seriousness of Appellant's offenses, Appellant's record of service, and all other matters contained in the record of trial, we conclude that the sentence is not inappropriately severe.

## B. Post-Trial Processing Errors

Both the staff judge advocate's recommendation (SJAR) to the convening authority and the report of result of trial (RRT) prepared by trial counsel and attached to the SJAR erroneously state that the court-martial adjudged forfeitures in the amount of "$996.00 pay per month for 12 months." The correct amount of forfeitures adjudged by the court-martial was "$966.00 pay per month for 12 months." Appellant waived his right to submit clemency matters and did not object to the SJAR or point out this administrative error in the amount of the forfeitures. This error in the SJAR and the RRT was also not corrected in the Addendum to the SJAR.

However, when the convening authority took action approving Appellant's sentence on 8 December 2016, he approved the correctly adjudged amount of "$966.00 pay per month for 12 months." Despite the plain error in the post-trial processing of Appellant's case by the erroneous statement in the SJAR regarding the amount of adjudged forfeitures, we find no colorable showing of possible prejudice resulting from it because the convening authority approved the correct amount of adjudged forfeitures. *See United States v. Scalo*, 60 M.J. 435, 436–37 (C.A.A.F. 2005) (citing United *States v. Kho*, 54 M.J. 63, 65 (C.A.A.F. 2000)).

We also note that the court-martial order (CMO) dated 8 December 2016 contains multiple errors. First, the Specification of Additional Charge I is missing the language "having knowledge of a lawful order issued by Major Redahlia Person, to wit: Restriction to the limits of Whiteman Air Force Base, issued 13 September 2016, an order which it was his duty to obey." Second, the word "ADDITIONAL" is missing from Additional Charge III. Finally, the CMO replicates the error from the SJAR and RRT in stating the amount of adjudged

forfeitures incorrectly as "$996.00" instead of the correct adjudged amount of "$966.00". A corrected CMO is required to remedy these errors.

### III. CONCLUSION

The approved findings and sentence are correct in law and fact, and no error materially prejudicial to the substantial rights of Appellant occurred.[*] Articles 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a), 866(c). Accordingly, the findings and sentence are **AFFIRMED**.

FOR THE COURT

*Carol K. Joyce*

CAROL K. JOYCE
Clerk of the Court

---

[*] We direct the publication of a corrected CMO to remedy the errors noted in the opinion.