# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

————————————

**No. ACM 39267**

————————————

**UNITED STATES**
*Appellee*

**v.**

**Joshua I. BENFIELD**
Airman First Class (E-3), U.S. Air Force, *Appellant*

————————————

Appeal from the United States Air Force Trial Judiciary

Decided 10 July 2018

————————————

*Military Judge:* Marvin W. Tubbs II.

*Approved sentence:* Dishonorable discharge, confinement for 10 years, and reduction to E-1. Sentence adjudged 28 February 2017 by GCM convened at Whiteman Air Force Base, Missouri.

*For Appellant:* Major Todd M. Swensen, USAF.

*For Appellee:* Lieutenant Colonel Joseph Kubler, USAF; Lieutenant Colonel Nicole P. Wishart, USAF; Major Tyler B. Musselman, USAF; Mary Ellen Payne, Esquire.

Before HARDING, SPERANZA, and HUYGEN, *Appellate Military Judges*.

Judge SPERANZA delivered the opinion of the court, in which Senior Judge HARDING and Judge HUYGEN joined.

————————————

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 18.4.**

————————————

SPERANZA, Judge:

Pursuant to a pretrial agreement, Appellant pleaded guilty to sexually assaulting JK by penetrating JK's vulva with his penis without JK's consent

and assaulting HMB by unlawfully touching HMB's arm and shoulder with his hand, in violation of Articles 120 and 128, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 920, 928. The military judge sitting as a general court-martial sentenced Appellant to a dishonorable discharge, confinement for 12 years, forfeiture of all pay and allowances, and reduction to E-1. The convening authority only approved 10 years of confinement in accordance with the pretrial agreement and did not approve the adjudged forfeitures. The convening authority approved the remaining elements of the adjudged sentence.

Appellant now claims that his sentence is inappropriately severe when compared to his co-actor's sentence. We disagree.

## I. BACKGROUND

Appellant invited JK to a bonfire at another Airman's home. A number of people, including Airman First Class (A1C) Kamron Rameshk, attended the bonfire. After the bonfire, JK, A1C Rameshk, and Appellant went to Appellant's house. There, Appellant sexually assaulted JK. While Appellant penetrated JK vaginally without JK's consent, A1C Rameshk forced his penis into JK's mouth. After Appellant finished his assault, A1C Rameshk raped JK by using unlawful force to penetrate her vulva with his penis.

Less than three weeks after sexually assaulting JK, Appellant assaulted HMB after they both attended a party at another Airman's home. HMB fell asleep on a couch. She awoke to Appellant lying next to her and touching her arm and shoulder without her consent.

## II. DISCUSSION

Appellant was charged, *inter alia*, with raping JK.[1] However, Appellant reached a pretrial agreement in which the convening authority agreed to not proceed on the rape specification if Appellant pleaded guilty to the lesser-included offense of sexual assault. In pertinent part, the agreement also required Appellant to plead guilty to assaulting HMB and testify under a grant

[1] Appellant was charged with three specifications of rape for inserting his penis in JK's vulva, anus, and mouth by using unlawful force; abusive sexual contact for touching JB's thigh and kissing JB without her consent; abusive sexual contact for touching HMB's head and shoulder and kissing HMB without her consent; assault of HMB; and obstruction of justice for wrongfully impeding the investigation into JK's allegations, in violation of Articles 120, 128, and 134, UCMJ, 10 U.S.C. §§ 920, 928, 934.

of immunity against A1C Rameshk. In exchange, the convening authority agreed to withdraw and dismiss the remaining charges and specifications.

At trial, Appellant providently pleaded guilty to the sexual assault of JK and the assault consummated by a battery of HMB, as set forth in his pretrial agreement. The Government did not present evidence of the greater offense of rape of JK, and all remaining charges and specifications were withdrawn and dismissed in accordance with the pretrial agreement. Appellant was found guilty in accordance with his pleas and found not guilty of rape. Accordingly, Appellant faced a maximum sentence that included 30 years and six months of confinement as well as a mandatory dishonorable discharge.[2] The military judge sentenced Appellant to the mandatory dishonorable discharge, confinement for 12 years, forfeiture of all pay and allowances, and reduction to E-1. Per the terms of the pretrial agreement, the convening authority only approved ten years of confinement but approved the remaining elements of the adjudged sentence.

A1C Rameshk's court-martial convened less than six months after Appellant's. A1C Rameshk pleaded not guilty to all charges and specifications brought against him, including two specifications of raping JK. Appellant testified against A1C Rameshk as required in Appellant's pretrial agreement. A1C Rameshk was convicted by a military judge sitting as a general court-martial of two specifications of rape for using unlawful force to penetrate JK's vulva and mouth; one specification of obstruction of justice; and one specification of failing to obey a no-contact order, in violation of Articles 120, 134, and 92, UCMJ, 10 U.S.C. §§ 920, 934, 892. Thus, A1C Rameshk faced a maximum punishment that included confinement for life without the eligibility of parole as well as a mandatory dishonorable discharge. The military judge sentenced A1C Rameshk to a dishonorable discharge, confinement for eight years, forfeiture of all pay and allowances, and reduction to E-1. The convening authority approved the adjudged sentence.

On appeal, Appellant identifies the "significant sentencing disparity" between his sentence and A1C Rameshk's sentence as a basis for relief. Appellant argues that his case and A1C Rameshk's case are closely related, yet Appellant received a sentence that included two more years of confinement even though he pleaded guilty and was convicted of fewer offenses. Accordingly, Appellant posits that "[a]t the very minimum, [his] prison sentence

---

[2] The maximum confinement authorized for sexual assault is 30 years, while the maximum confinement authorized for assault consummated by a battery is six months.

should be equal to A1C [Rameshk's], although there is good cause to argue that [it] should be significantly less[.]"

The Government responded to Appellant's claims by arguing that (1) "[e]ven if Appellant's case is closely related to A1C [Rameshk's]s case, Appellant has not met his burden of demonstrating that his sentence is 'highly disparate'" and (2) "[e]ven if this Court finds Appellant's sentence is 'highly disparate,' which it is not, there is a rational basis for the disparity, including an additional offense with another victim a mere three weeks later and aggravating factors for the offenses."

We review issues of sentence appropriateness de novo. *United States v. Lane*, 64 M.J. 1, 2 (C.A.A.F. 2006) (citing *United States v. Cole*, 31 M.J. 270, 272 (C.M.A. 1990)). "Congress has vested responsibility for determining sentence appropriateness in the Courts of Criminal Appeals." *United States v. Wacha*, 55 M.J. 266, 268 (C.A.A.F. 2001). This power "reflects the unique history and attributes of the military justice system, [and] includes but is not limited to considerations of uniformity and evenhandedness of sentencing decisions." *United States v. Sothen*, 54 M.J. 294, 296 (C.A.A.F. 2001).

We may affirm only as much of the sentence as we find correct in law and fact and determine should be approved on the basis of the entire record. Article 66(c), UCMJ, 10 U.S.C. § 866(c). "We assess sentence appropriateness by considering the particular appellant, the nature and seriousness of the offense[s], the appellant's record of service, and all matters contained in the record of trial." *United States v. Sauk*, 74 M.J. 594, 606 (A.F. Ct. Crim. App. 2015) (en banc) (quoting *United States v. Anderson*, 67 M.J. 703, 705 (A.F. Ct. Crim. App. 2009)). Although we have great discretion to determine whether a sentence is appropriate, we have no power to grant mercy. *United States v. Nerad*, 69 M.J. 138, 146 (C.A.A.F. 2010).

When asking us to compare his case and sentence with others, Appellant bears the burden of demonstrating that any cited cases are "closely related" to his case and that the sentences are "highly disparate." *United States v. Lacy*, 50 M.J. 286, 288 (C.A.A.F. 1999). The United States Court of Appeals for the Armed Forces found cases to be "closely related" if, for example, they involve "coactors involved in a common crime, servicemembers involved in a common or parallel scheme, or some other direct nexus between the servicemembers whose sentences are sought to be compared." *Id.* If an appellant carries that burden, then the Government must show a rational basis for the sentence disparities. *Id.*

We recognize that under Article 66(c), UCMJ, we may, in determining whether a sentence is appropriate and ensuring relative uniformity, consider

the outcomes of other courts-martial, not closely related, even though we are not required to do so. *See Wacha*, 55 M.J. at 267.

As an initial matter, we find that Appellant has met his burden to show that his case and A1C Rameshk's case are closely related. The record establishes Appellant and A1C Rameshk were co-actors in sexual offenses committed, at times simultaneously, upon JK. Although the Government does not concede that Appellant's case is "closely related" to A1C Rameshk's case, it focuses its response on the confinement disparity and rational basis for such disparity between the two sentences. Thus, we move on and consider whether Appellant met his additional burden to demonstrate that the sentences are "highly disparate."

To meet the "highly disparate" burden, Appellant points to the two additional years of confinement he received—ten years to A1C Rameshk's eight. Appellant next highlights that he was only convicted of two offenses whereas A1C Rameshk was convicted of four, including two specifications of raping JK. Appellant also contrasts the mitigating matters present in his case—a guilty plea that saved the Government money and spared JK from testifying—with the aggravating circumstances of A1C Rameshk's case, a fully litigated trial in which Appellant testified and helped the Government prove the rape allegations against A1C Rameshk.

While we agree with Appellant that his approved sentence to ten years of confinement is numerically disparate when compared to the eight years of confinement A1C Rameshk received, Appellant has failed to demonstrate that his sentence is *highly* disparate. Considering the maximum sentences both Airmen faced, the two-year difference "in the confinement did not produce sentences that were 'highly disparate.'" *Lacy*, 50 M.J. at 289. Even if the relatively low disparity between the confinement terms could be considered "highly disparate," we find the Government has provided a rational basis for such a difference.

Appellant pleaded guilty to only two offenses, two fewer offenses than A1C Rameshk was ultimately found guilty of after litigated findings. However, Appellant's offenses were crimes of violence against two different victims. Despite JK rebuffing Appellant's sexual advances and her expressed intent to go to sleep when she arrived at Appellant's house, Appellant stripped JK of her shorts and underwear and sexually assaulted her. A1C Rameshk joined the assault "a few minutes" after Appellant initiated it. Appellant continued his sexual assault of JK while A1C Rameshk began his. Appellant described these moments of the crime as follows:

> While I was doing this, she placed her arms behind her and began pushing on my legs as if to get me to stop, but I did not

> stop. I could tell by the way she was pushing my legs that she did not want to have sex. The sex continued for a few more minutes this way, after which I had stopped, but A1C Rameshk continued.

Appellant explained:

> I do not believe the sex was consensual before or after A1C Rameshk joined. I was not under any mistaken belief that she wanted to have sex with me or A1C Rameshk. There could not have been a reasonable mistaken belief that [JK] wanted to have sex in light of what she had told me and the fact that she attempted to push me away.

Almost three weeks later, Appellant once again initiated physical contact with a nonconsenting woman when he assaulted HMB while she was sleeping.

That Appellant victimized a second woman provides a *rational* basis for the difference between his sentence and A1C Rameshk's.

We find Appellant's sentence correct in law and fact. While we readily recognize our responsibility to maintain relative sentence uniformity and evenhandedness within our jurisdiction, we once again emphasize that we do not grant clemency. Moreover, sentence comparison does not require equivalent sentences. *See United States v. Snelling*, 14 M.J. 267, 268–69 (C.M.A. 1982). Rather, sentence comparison is merely "one of many aspects" of assessing a sentence's appropriateness. *Id.* at 268. Mindful of our obligations, we have given individualized consideration to the nature and seriousness of Appellant's crimes, Appellant's record of service, all other matters contained in the record of trial, and Appellant, and we conclude his sentence is not inappropriately severe based on the facts and circumstances of his particular case.

## III. CONCLUSION

The approved findings and sentence are correct in law and fact and no error materially prejudicial to the substantial rights of Appellant occurred.[3] Ar-

---

[3] Appellant requested deferral of the adjudged reduction in grade, adjudged forfeitures, and mandatory forfeitures until action. The convening authority denied Appellant's deferral request, but granted Appellant's request for waiver of all adjudged and mandatory forfeitures. At action, the convening authority did not approve the adjudged forfeitures. The convening authority did not provide a basis for denying Appellant's deferral requests. This was an error. However, Appellant claims no preju-

*(Footnote continues on next page)*

ticles 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a), 866(c). Accordingly, the findings and sentence are **AFFIRMED**.



FOR THE COURT

CAROL K. JOYCE
Clerk of the Court

---

dice and we find no prejudicial error. Further, the expurgated CMO contains the victim's full name in specification 4 of charge I. We order a corrected CMO.