**UNITED STATES, Appellee,**

v.

**Stephanie K. FEE, Hospitalman,
U.S. Navy, Appellant.**

No. 98–0431.
Crim.App. No. 97–0382.

U.S. Court of Appeals for
the Armed Forces.

Argued Dec. 15, 1998.

Decided May 12, 1999.

EFFRON, J., delivered the opinion of the Court, in which COX, C.J., and SULLIVAN, CRAWFORD, and GIERKE, JJ., joined.

For Appellant: *Lieutenant Dale O. Harris,* JAGC, USNR (argued).

For Appellee: *Captain Michael D. Carsten,* USMC (argued); *Colonel Kevin M. Sandkuhler,* USMC, and *Commander D.H. Myers,* JAGC, USN (on brief); *Colonel Charles Wm. Dorman,* USMC.

Judge EFFRON delivered the opinion of the Court.

Pursuant to her pleas, appellant was convicted by a general court-martial composed of a military judge alone of various drug offenses in violation of Article 112a, Uniform Code of Military Justice, 10 USC § 912a. Appellant was sentenced to a dishonorable discharge, confinement for 6 years, total forfeitures, and reduction to the lowest enlisted grade. The convening authority approved the sentence but suspended confinement in

excess of 36 months. The Court of Criminal Appeals affirmed in an unpublished opinion.

This Court granted review of the following issue:

WHETHER THE NAVY–MARINE CORPS COURT OF CRIMINAL APPEALS ERRED BY AFFIRMING A SENTENCE INCLUDING 6 YEARS CONFINEMENT AND A DISHONORABLE DISCHARGE, WHERE APPELLANT'S HUSBAND RECEIVED A SENTENCE OF FIFTEEN MONTHS CONFINEMENT AND A BAD–CONDUCT DISCHARGE FOR SIMILAR OFFENSES.

We hold that the Court of Criminal Appeals did not abuse its discretion in concluding that there was a proper basis for differentiating appellant's sentence from the sentence received by her husband.

I

Appellant and her husband were convicted of drug offenses. The court below implicitly viewed these offenses as "closely related" for purposes of sentence comparison. *See United States v. Lacy,* 50 MJ 286 (1999).

The offenses of which appellant and her husband were convicted involved a number of similar charges, but also involved differences in periods of time and differences in certain offenses, as follows: (1) appellant and her husband both were convicted of wrongful use of marijuana over a 10–month period; (2) appellant was convicted of wrongful use of LSD over a 6–month period, while her husband was convicted of wrongful use and possession of LSD over a 1–month period; (3) appellant was convicted of wrongful distribution of LSD over a 6–month period, while her husband was convicted of wrongful distribution of LSD over a 1–month period; and (4) appellant was convicted of wrongful distribution of marijuana over a 10–month period, while her husband was convicted of wrongful possession of marijuana over a 1–month period.

Appellant's sentence, as approved by the convening authority, included a dishonorable discharge, an unsuspended 36–month period of confinement, and a suspended 36–month period of confinement. Her husband's sentence, as approved by the convening authority, included a bad-conduct discharge and 15 months' confinement.

II

 Before our Court, appellant relies on similarities in the offenses and other factors, such as appellant's guilty pleas and her cooperation with authorities in the prosecution of her husband's contested case, for the proposition that the Court of Criminal Appeals erred in not reducing her sentence. Congress has vested the responsibility for determining sentence appropriateness—including the responsibility to weigh the factors cited by appellant—in the Court of Criminal Appeals, not in this Court. *Compare* Art. 66(c), UCMJ, 10 USC § 866(c) (1994), *with* Art. 67(c), UCMJ, 10 USC § 867(c) (1994). Our role is limited to determining, as a matter of law, whether the decision of the Court of Criminal Appeals exercising this highly discretionary power constituted an abuse of discretion or miscarriage of justice. *See United States v. Lacy, supra.* If the appeal involves closely related cases with highly disparate sentences, we may reverse the court below only in the absence of a rational basis for the differing sentences. *Id.*

 In the present case, the court below, 1997 WL 803568, determined that the cases were closely related but that the sentences were not highly disparate. The court added that, if the sentences were determined to be highly disparate, the differences in the sentences would be justified by two factors: (1) Appellant's LSD offenses covered "a much longer period of time" than her husband's offenses; and (2) unlike her husband, appellant was convicted of distribution of marijuana. Unpub. op. at 2.

Because these factors provide a rational basis for the differences in the sentences

approved by the convening authorities in these two cases, we conclude that the decision of the court below did not constitute an abuse of discretion or miscarriage of justice.*

**III**

The decision of the United States Navy–Marine Corps Court of Criminal Appeals is affirmed.

---

* In view of this conclusion, we need not decide whether the circumstances of the present appeal involve highly disparate sentences.