UNITED STATES, Appellee

v.

Bryan WACHA, Jr., Lance Corporal
U.S. Marine Corps, Appellant

No. 01-0019

Crim. App. No. 99-1715

United States Court of Appeals for the Armed Forces

Argued April 17, 2001

Decided August 1, 2001

CRAWFORD, C.J., delivered the opinion of the Court, in which
GIERKE, EFFRON, and BAKER, JJ., joined.  SULLIVAN, J., filed an
opinion concurring in the result.

<u>Counsel</u>

For Appellant:  Lieutenant Colonel <u>Dwight H. Sullivan</u>, USMCR
(argued); <u>Lieutenant Jonathan R. Goodman</u>, JAGC, USNR
(on brief); <u>Lieutenant Amanda St. Claire</u>, JAGC, USNR.

For Appellee:  <u>Major Edward C. Durant</u>, USMC (argued);
<u>Colonel Marc W. Fisher, Jr.</u>, USMC, and <u>Lieutenant Commander
Philip L. Sundel</u>, JAGC, USNR (on brief).

Military Judge:  R.W. Redcliff

<u>**THIS OPINION IS SUBJECT TO EDITORIAL CORRECTION BEFORE FINAL PUBLICATION**</u>.

Chief Judge CRAWFORD delivered the opinion of the Court.

Appellant pleaded guilty before a military judge sitting alone as a general court-martial to six specifications involving conspiracy with other Marines and civilians to possess, use, and distribute marihuana; eight specifications involving the use, distribution, and possession of marihuana; and two specifications of soliciting a fellow Marine, Private Rice, to buy and possess marihuana, in violation of Articles 81, 112a, and 134, Uniform Code of Military Justice, 10 USC §§ 881, 912a, and 934. His sentence to a bad-conduct discharge, confinement for 20 months, partial forfeiture of pay for 20 months, and reduction to E-1 was approved by the convening authority, and the findings and sentence were affirmed by the Court of Criminal Appeals.

We granted review of the following issue:

> WHETHER THE UNITED STATES NAVY-MARINE CORPS
> COURT OF CRIMINAL APPEALS ERRED BY FAILING
> TO CONSIDER WHETHER APPELLANT'S SENTENCE
> SATISFIED A SENTENCE UNIFORMITY STANDARD AS
> INTENDED BY CONGRESS WHEN IT ADOPTED ARTICLE 66(c).

For the reasons set out below, we affirm.

The gravamen of appellant's contention lies in the following sentence from the lower court's unpublished opinion:

> Sentence comparison is appropriate only in those rare instances of highly disparate sentences in closely related cases. United States v. Lacy, 50 MJ 286, 288 (1999); United States v. Olinger, 12 MJ 458, 460 (CMA 1982).

Unpub. op. at 2.

Appellant contends the lower court misread our holdings in both Lacy and Olinger by declaring that it could not consider and compare other court-martial sentences with that of this appellant unless the cases were closely related and the sentences were highly disparate. He argues that since the Court of Criminal Appeals did not consider other court-martial sentences, it failed, ipso facto, to perform the sentence appropriateness analysis required by Article 66(c), UCMJ, 10 USC § 866(c).

Recognizing the highly discretionary role of the experienced Court of Criminal Appeals judges when they perform their Article 66(c) sentence appropriateness review, Lacy required Courts of Criminal Appeals "to engage in sentence comparison with specific cases ... in those rare instances in which sentence appropriateness can be fairly determined only by reference to disparate sentences adjudged in closely related cases." 50 MJ at 288, quoting United States v. Ballard, 20 MJ 282, 283 (CMA 1985) (emphasis added); see also United States v. Sothen, 54 MJ 294 (2001); United States v. Durant, No. 00-0664, ___ MJ ___ (2001). Nothing in Lacy or its progeny suggests any

limitation on a Court of Criminal Appeals' discretion to consider and compare other courts-martial sentences when that court is reviewing a case for sentence appropriateness and relative uniformity.

If the Court of Criminal Appeals did misinterpret our decision in Lacy and felt constrained to specifically limit its comparison of sentences to closely related cases with disparate sentences among co-actors, that court erred. As Judge Cox so succinctly stated in Ballard, supra at 286:

> We are, of course, well aware that the experienced and professional military lawyers who find themselves appointed as trial judges and judges on the courts of military review have a solid feel for the range of punishments typically meted out in courts-martial. Indeed, by the time they receive such assignments, they can scarcely help it; and we have every confidence that this accumulated knowledge is an explicit or implicit factor in virtually every case in which a military judge imposes a sentence or a court of military review assesses for sentence appropriateness. Thus, to hold that a trial or appellate court may not consider the sentences in other cases would be folly. We simply hold that these courts cannot be required to consider such other sentences. Thus, if a court concludes that further edification in the area of sentence averages is unnecessary, we will respect that judgment.

Appellant does not challenge the lower court's ruling that the cases of appellant and Private Rice are not closely related or that the sentences are not highly disparate. Although it is clear that appellant was the supplier of Private Rice's marijuana, that fact in and of itself does not make the cases

4

closely related.  The charges and specifications reflect that only four of appellant's 16 drug offenses involved Private Rice.  See unpub. op. at 3.

Instead, he contends that the court below failed to ensure relative uniformity of sentences as intended by Congress.  He asserts that because the sentence appropriateness decision was made based on an erroneous legal principle (misinterpretation of Lacy), we must reverse.  In support of this argument, appellant avers that charges such as those appellant was facing are normally sent to a special court-martial, the election made by Private Rice's special court-martial convening authority, but not appellant's.  Accordingly, appellant argues that his sentence to 20 months' confinement, more than three times the maximum sentence to confinement authorized by a special court-martial in March 1999, is per se inappropriate.

Congress has vested responsibility for determining sentence appropriateness in the Courts of Criminal Appeals.  "The power to review a case for sentence appropriateness, which reflects the unique history and attributes of the military justice system, includes but is not limited to considerations of uniformity and evenhandedness of sentencing decisions."  Sothen, 54 MJ at 296.

The role of this Court is to determine, as a matter of law, whether a Court of Criminal Appeals abused its discretion or

5

caused a miscarriage of justice in carrying out its highly discretionary "sentence appropriateness" role.  See United States v. Fee, 50 MJ 290, 291 (1999).  Assuming arguendo that the lower court applied Lacy in an unduly restrictive manner, we must test that court's finding, that appellant's sentence was relatively uniform and appropriate, for abuse of discretion. See generally United States v. Judd, 11 USCMA 164, 170, 28 CMR 388, 394 (1960)(Ferguson, J., concurring in the result) (congressional intent in enacting an Article 66 was to attain relative uniformity of sentences rather than an arithmetically averaged sentencing scheme).

A fair reading of the lower court's opinion convinces us that the judges went beyond a mere comparison to Private Rice's sentence when determining that appellant's sentence was both relatively uniform and appropriate.  Finding that sentence comparison was but one aspect of the sentence appropriateness equation, the court found that appellant's sentence was appropriate for the crimes he had committed, "and the fact that Pvt Rice received less punishment [did] not render the appellant's sentence a miscarriage of justice."  Unpub. op. at 4; see generally Durant, ___ MJ at (3); United States v. Snelling, 14 MJ 267, 268 (CMA 1982).  Accordingly, we find no abuse of discretion or miscarriage of justice in the Article 66(c) analysis performed by the Court of Criminal Appeals.

The decision of the United States Navy-Marine Corps Court of Criminal Appeals is affirmed.

United States v. Wacha, 01-0019/MC

SULLIVAN, Judge (concurring in the result):

Sentence appropriateness determinations are matters for the Courts of Criminal Appeals.  See United States v. Durant, No. 00-0664, ___ MJ ___ (2001) (Sullivan, J., concurring).  Moreover, if those appellate courts make errors of law in their sentence appropriateness determinations, we are still not allowed to decide this important question in their stead.  See United States v. Brock, 46 MJ 11, 13 (1997).  We can, however, decide whether an error of law by a Court of Criminal Appeals materially prejudiced its sentence appropriateness determination.  See Article 59(a), Uniform Code of Military Justice, 10 USC § 859(a).

The appellate court below stated that "[s]entence comparison is appropriate only in those rare instances of highly disparate sentences in closely related cases.  United States v. Lacy, 50 MJ 286, 288 (1999); United States v. Olinger, 12 MJ 458, 460 (CMA 1982)."  (Emphasis added.)  This was an erroneous statement of the law (see United States v. Sothen, 54 MJ 294, 296 (2001)) and constituted an abuse of the lower court's discretion.  See United States v. Travers, 25 MJ 61, 63 (CMA 1987).

Nevertheless, I conclude that such error was harmless, i.e., it did not materially prejudice the lower appellate court's sentence appropriateness determination.  See Article 59(a), UCMJ.

In concluding that appellant's and Private Rice's sentences were not highly disparate, the appellate court below did compare the court-martial sentences in these two cases. It said: "Assuming arguendo that the cases of the appellant and PVT Rice are closely related, . . . [w]e do not find that the appellant's sentence exceeded relative uniformity." Unpub. op. at 3. It also said: ". . . and the fact that PVT Rice received less punishment does not render the appellant's sentence a miscarriage of justice." Id. at 4. Accordingly, in my view, the erroneous statement of law by the appellate court below generally questioning the propriety of such a sentence comparison did not materially prejudice the lower appellate court's sentence appropriateness determination in this case. See United States v. Durant, supra.