# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

————————————

### No. ACM 39199

————————————

### UNITED STATES
*Appellee*

**v.**

### Zachariah S. NOGA
Airman First Class (E-3), U.S. Air Force, *Appellant*

————————————

Appeal from the United States Air Force Trial Judiciary

Decided 29 May 2018

————————————

*Military Judge:* Lyndell M. Powell.

*Approved sentence:* Dishonorable discharge, confinement for 22 months, and reduction to E-1. Sentence adjudged 8 September 2016 by GCM convened at Joint Base Andrews, Maryland.

*For Appellant:* Major Patricia Encarnación Miranda, USAF.

*For Appellee:* Colonel Katherine E. Oler, USAF; Lieutenant Colonel Joseph J. Kubler, USAF; Lieutenant Colonel G. Matt Osborn, USAF; Lieutenant Colonel Nicole P. Wishart, USAF; Major J. Ronald Steelman III, USAF; Mary Ellen Payne, Esquire.

Before HARDING, SPERANZA, and HUYGEN, *Appellate Military Judges.*

Judge SPERANZA delivered the opinion of the court, in which Senior Judge HARDING and Judge HUYGEN joined.

————————————

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 18.4.**

————————————

SPERANZA, Judge:

Appellant pleaded guilty to attempted sexual assault of a child in violation of Article 80, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 880.[1] The military judge sitting as a general court-martial sentenced Appellant to a dishonorable discharge, 22 months of confinement, and reduction to E-1. Upon Appellant's request for clemency, the convening authority deferred Appellant's reduction in grade until action and waived automatic forfeitures for the benefit of Appellant's family. The convening authority otherwise approved the adjudged sentence.

Appellant now claims that his sentence is inappropriately severe. We disagree, find no prejudicial error, and affirm.

## I. BACKGROUND

Appellant posted an online advertisement seeking a sexual encounter. An undercover agent posing as a 14-year-old girl, "Danielle," responded. Appellant, understanding "Danielle" to be a child, exchanged sexually explicit messages with "Danielle." Not long after meeting "Danielle" online, Appellant arranged to take "Danielle" to his house where he planned to have oral and vaginal sex with "Danielle." When Appellant arrived at "Danielle's" home to pick up "Danielle," he was greeted by law enforcement instead.

## II. DISCUSSION

Appellant pleaded guilty without a pretrial agreement limiting the sentence that could be approved and faced a mandatory minimum punishment of a dishonorable discharge and a maximum punishment that included 20 years of confinement.

Appellant contends that his "case is arguably less egregious" than six other cases he believes to be "closely related" to his. *See United States v. Devault*, No. ACM 39147, 2018 CCA LEXIS 120 (A.F. Ct. Crim. App. 6 Mar. 2018) (unpub. op.); *United States v. Smith*, No. ACM 39116, 2018 CCA LEXIS 48 (A.F. Ct. Crim. App. 31 Jan. 2018) (unpub. op.); *United States v. Denisi*, No.

---

[1] Appellant moved to dismiss a specification of attempted sexual abuse of a child, in violation of Article 80, UCMJ, on grounds of multiplicity and unreasonable multiplication of charges. Appellant pleaded not guilty to this specification. After finding Appellant guilty of attempted sexual assault of a child in accordance with Appellant's pleas, the military judge found the specification of attempted sexual abuse of a child to be an unreasonable multiplication of charges, granted Appellant's motion, and dismissed the attempted sexual abuse of a child specification.

ACM 39196, 2017 CCA LEXIS 790 (A.F. Ct. Crim. App. 29 Dec. 2017) (unpub. op.); *United States v. Rossi*, No. ACM 39187, 2017 CCA LEXIS 683 (A.F. Ct. Crim. App. 20 Oct. 2017) (unpub. op.); *United States v. Thomas*, No. ACM 38977, 2017 CCA LEXIS 391 (A.F. Ct. Crim. App. 6 Jun. 2017) (unpub. op.); *United States v. Dean*, No. ACM 38976 (A.F. Ct. Crim. App.).[2] Appellant compares the facts of these cases and their sentences with the circumstances of his case. Citing differences between these cases and his, as well as his guilty plea, lack of a pretrial agreement, acceptance of responsibility, cooperation with investigators, and lack of involvement with child pornography or online child solicitation, Appellant maintains that "he received a disparate sentence" and requests we "provide meaningful relief in the form of setting aside his punitive discharge."

We review issues of sentence appropriateness de novo. *United States v. Lane*, 64 M.J. 1, 2 (C.A.A.F. 2006) (citing *United States v. Cole*, 31 M.J. 270, 272 (C.M.A. 1990)).

"Congress has vested responsibility for determining sentence appropriateness in the Courts of Criminal Appeals." *United States v. Wacha*, 55 M.J. 266, 268 (C.A.A.F. 2001). This power "reflects the unique history and attributes of the military justice system, [and] includes but is not limited to considerations of uniformity and evenhandedness of sentencing decisions." *United States v. Sothen*, 54 M.J. 294, 296 (C.A.A.F. 2001).

Therefore, we may affirm only as much of the sentence, to include a mandatory minimum, as we find correct in law and fact and determine should be approved on the basis of the entire record. Article 66(c), UCMJ, 10 U.S.C. § 866(c); *see United States v. Kelly*, ___ M.J. ___, No. 17-0559 (C.A.A.F. 23 May 2018). "We assess sentence appropriateness by considering the particular appellant, the nature and seriousness of the offense[s], the appellant's record of service, and all matters contained in the record of trial." *United States v. Sauk*, 74 M.J. 594, 606 (A.F. Ct. Crim. App. 2015) (en banc) (quoting *United States v. Anderson*, 67 M.J. 703, 705 (A.F. Ct. Crim. App. 2009)). Although we have great discretion to determine whether a sentence is appropriate, we have no power to grant mercy. *United States v. Nerad*, 69 M.J. 138, 146 (C.A.A.F. 2010).

When asking us to compare his case and sentence with others, Appellant bears the burden of demonstrating that his case is "closely related" to others

---

[2] We granted Airman First Class Christopher M. Dean's motion, submitted through appellate defense counsel, to withdraw *United States v. Dean* from appellate review on 13 March 2017. Accordingly, there is no opinion to cite.

and if so, that the sentences are "highly disparate." *United States v. Lacy*, 50 M.J. 286, 288 (C.A.A.F. 1999). The United States Court of Appeals for the Armed Forces has indicated cases are "closely related" if there is a "direct nexus between the servicemembers whose sentences are sought to be compared," for example, or if there is involvement in a common crime or in parallel schemes. *Id.* If an appellant carries that burden, then the Government must show a rational basis for the sentence disparities. *Id.* We recognize that under Article 66(c), UCMJ, we may, in determining whether a sentence is appropriate and ensuring relative uniformity, consider the outcomes of other, not closely related, courts-martial even though we are not required to do so. *See Wacha*, 55 M.J. at 267; *see also United States v. Ballard*, 20 M.J. 282, 286 (C.M.A. 1985) ("[T]o hold that a trial or appellate court may not consider the sentences in other cases would be folly.").

Appellant fails to demonstrate how the cases he cites are "closely related" to his. Appellant offers no evidence or argument that establishes any connection, let alone a direct nexus, between his case and the cases with which he seeks comparison. Although law enforcement may have employed a common or parallel—and successful—scheme to catch online offenders, Appellant was not involved in a common or parallel scheme with the offenders in those cases. Therefore, we decline to compare Appellant's sentence with those of unconnected individuals, and we turn our attention to the particulars of Appellant's case.

While we agree with Appellant that his sentence to 22 months of confinement and a dishonorable discharge is severe, it is not inappropriately severe. Appellant's sentence is correct in law and fact. We readily recognize our responsibility to maintain relative sentence uniformity within our jurisdiction and our authority to consider cases that are not "closely related" to Appellant's; however, we once again emphasize that we do not grant clemency. In order to gratify his sexual desires, Appellant, a 24-year-old father, was willing to exploit a 14-year-old girl. Having given individualized consideration to the nature and seriousness of Appellant's crime, Appellant's record of service, all other matters contained in the record of trial, and importantly, Appellant, we conclude the sentence is not inappropriately severe based on the facts and circumstances of this particular case.

### III. CONCLUSION

The approved findings and sentence are correct in law and fact and no error materially prejudicial to the substantial rights of Appellant occurred. Articles 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a), 866(c).

Accordingly, the findings and sentence are **AFFIRMED**.


FOR THE COURT

CAROL K. JOYCE
Clerk of the Court