# United States Navy-Marine Corps Court of Criminal Appeals

―――――――――――

**UNITED STATES**
*Appellee*

v.

**Joshua L. DISOTELL**
**Electronics Technician,**
**Submarine Navigation First Class (E-6),**
**U.S. Navy**
*Appellant*

―――――――――――

**No. 201800147**

―――――――――――

Appeal from the United States Navy-Marine Corps Trial Judiciary

*Decided:* 2 February 2019

―――――――――――

*Military Judge:*
Captain Ann K. Minami, JAGC, USN.

*Approved Sentence:* Reduction to E-1, confinement for two years,[1] and a bad-conduct discharge. Sentence adjudged 16 January 2018 by a general court-martial convened at Naval Base Kitsap, Bremerton, Washington, consisting of a military judge sitting alone.

*For Appellant:*
Lieutenant Commander Derek C. Hampton, JAGC, USN.

*For Appellee:*
Captain Chris D. Tucker, JAGC, USN;
Lieutenant Kimberly Y. Rios, JAGC, USN.

―――――――――――

[1] The convening authority suspended confinement in excess of 14 months pursuant to a pretrial agreement.

_____

**This opinion does not serve as binding precedent but may be cited as persuasive authority under NMCCA Rule of Practice and Procedure 30.2.**

_____

Before WOODARD, FULTON, and HITESMAN,
*Appellate Military Judges.*

PER CURIAM:

A military judge sitting as a general court-martial convicted the appellant, pursuant to his pleas, of three specifications of violating a lawful general order[2] and one specification of adultery, in violation of Articles 92 and 134, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 892 and 934.

In his sole assignment of error, the appellant contends that his sentence to two years' confinement is inappropriately severe. We disagree and affirm the findings and sentence.

## I. BACKGROUND

The appellant, a married U.S. Navy recruiting office leading petty officer, engaged in consensual but prohibited sexual contact with two female high school students who were in various stages of the recruitment process. The first student was 18 years old and was an applicant[3] for enlistment in the Navy. The second student was 17 years old and was a prospect[4] for enlistment in the Navy. The appellant had inappropriate sexual contact with the 18-year-old applicant immediately after she was sworn in at the Military Entrance Processing Station (MEPS), Seattle, Washington. The appellant drove her from the recruiting office to the MEPS in a government-owned vehicle (GOV). Before returning the applicant to the recruiting office, the appellant parked the GOV behind a nearby theater and asked for and received oral sex from her. While working with the 17-year-old prospect on her potential en-

_____

[2] Commander, Navy Recruiting Command Instruction (COMNAVCRUITCOM-INST) 5370.1H, Fraternization (31 May 2016); Department of Defense (DoD) 5500.7R, Joint Ethics Regulations (Aug. 1993).

[3] *See* COMNAVCRUITCOMINST at 2. An applicant is "[a]ny person who has commenced processing for enlistment."

[4] *Id.* A prospect is "[a]ny person who has expressed, to recruiting personnel, an interest in enlisting."

listment, the appellant engaged in a sexual relationship with her that lasted approximately three months until it was discovered and exposed by her mother.

During the presentencing hearing, the appellant presented evidence in extenuation and mitigation. Through documents from his service record book, witnesses, and his own unsworn statement, the appellant presented evidence that his mother was murdered and that he was severely traumatized by that tragic event. He also presented some evidence that he suffered from post-traumatic stress disorder (PTSD), which caused a severely negative change in his behavior. The appellant argued his mother's murder and the guilt he felt for not being able to help her caused him to engage in destructive behavior. The appellant further argued that because he had over 10 years of commendable service and had made positive progress in the treatment of his PTSD and other issues, no confinement should be adjudged in his case.

## II. DISCUSSION

We review sentence appropriateness *de novo. United States v. Lane*, 64 M.J. 1, 2 (C.A.A.F. 2006). "Sentence appropriateness involves the judicial function of assuring that justice is done and that the accused gets the punishment he deserves." *United States v. Healy*, 26 M.J. 394, 395 (C.M.A. 1988). This requires our "individualized consideration of the particular accused on the basis of the nature and seriousness of the offense and the character of the offender." *United States v. Snelling*, 14 M.J. 267, 268 (C.M.A. 1982) (citation and internal quotation marks omitted). In making this assessment, we analyze the record as a whole. *Healy*, 26 M.J. at 395. Despite our significant discretion in determining sentence appropriateness, we must remain mindful that we may not engage in acts of clemency. *United States v. Nerad*, 69 M.J. 138, 146 (C.A.A.F. 2010).

As a general rule, "sentence appropriateness should be determined without reference to or comparison with the sentences received by other offenders." *United States v. Ballard*, 20 M.J. 282, 283 (C.M.A. 1985). One narrow exception to this general rule requires the court "to engage in sentence comparison with specific cases . . . in those rare instances in which sentence appropriateness can be fairly determined only by reference to disparate sentences adjudged in closely related cases." *United States v. Wacha*, 55 M.J. 266, 267 (C.A.A.F. 2001) (citations and internal quotation marks omitted). When requesting relief under this exception, an appellant's burden is twofold: the appellant must demonstrate "that any cited cases are 'closely related' to his or her case and that the resulting sentences are 'highly disparate.'" *United States v. Lacy*, 50 M.J. 286, 288 (C.A.A.F. 1999). If the appellant succeeds

on both prongs, then the burden shifts to the government to "show that there is a rational basis for the disparity." *Id.*

For cases to be considered closely related, they "must involve offenses that are similar in both nature and seriousness or which arise from a common scheme or design." *United States v. Kelly*, 40 M.J. 558, 570 (N.M.C.M.R. 1994). This threshold requirement can be satisfied by evidence of "co[-]actors involved in a common crime, servicemembers involved in a common or parallel scheme, or some other direct nexus between the servicemembers whose sentences are sought to be compared." *Lacy*, 50 M.J. at 288-89 (finding cases were closely related "where appellant and two other Marines engaged in the same course of conduct with the same victim in each other's presence.")

Here, the appellant's request for sentence comparison and relief is based on five cases he argues are similar in nature yet resulted in much less severe sentences. All five cases include convictions for violating a lawful general order, with two of the cases involving a recruiter having sexual intercourse with a potential recruit. However, the mere similarity of offenses is insufficient to demonstrate that the cases are closely related. *United States v. Washington*, 57 M.J. 394, 401 (C.A.A.F. 2002).

We find no "direct nexus" between the appellant's misconduct and that of his proposed comparison cases, especially considering that the appellant's specifications involve the additional misconduct of adultery and improperly using a government vehicle to engage in prohibited sex acts with an applicant for enlistment. *Lacy*, 50 M.J. at 288. Moreover, the appellant cannot identify any close relationship between his case and the five he cites for comparison. The cases cited by the appellant were convened by different commands of the Navy and Marine Corps. Far from being "co-actors" or "servicemembers involved in a common or parallel scheme," the appellant's offenses and those committed by the other five accused servicemembers took place at different times, in different parts of the world, in disparate branches of service, and involved unrelated paramours under different factual circumstances. *Id.* Therefore, the appellant has failed to satisfy his burden of showing that his case and the cases he cites are closely related.

The appellant admitted to violating Commander, Navy Recruiting Command Instruction 5370.1H when he engaged in personal and sexual activity with two high school students interested in enlisting in the Navy. The appellant additionally admitted to violating the Joint Ethics Regulations when he used a GOV to engage in sexual activity with the 18-year-old applicant. Finally, the appellant admitted to adultery based on having sexual intercourse with the 17-year-old prospect. Given the nature of the target audience for recruiting and the position of authority and trust granted to a recruiting office leading petty officer, these offenses are serious and the appellant could have

been awarded seven years' confinement based on his convictions. His brazen misconduct while in a representative and leadership position far outweighs the mitigation evidence presented.

Having given individualized consideration to the nature and seriousness of these crimes, the appellant's otherwise commendable record of service, and all other matters contained in the record of trial, we conclude the sentence is not inappropriately severe and is appropriate for this offender and his offenses. *United States v. Baier*, 60 M.J. 382, 384-85 (C.A.A.F. 2005); *Healy*, 26 M.J. at 395-96. Granting sentence relief at this point would be to engage in clemency, which we decline to do. *Healy*, 26 M.J. at 395-96.

### III. CONCLUSION

Having carefully considered the appellant's assigned error, the record of trial, and the parties' submissions, we conclude the findings and sentence are correct in law and fact and that no error materially prejudiced the appellant's substantial rights. Arts. 59(a) and 66(c), UCMJ. Accordingly, the findings and sentence as approved by the CA are **AFFIRMED.**

FOR THE COURT:

RODGER A. DREW, JR.
Clerk of Court