# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

———————————

**No. ACM S32611**

———————————

**UNITED STATES**
*Appellee*

**v.**

**Nicholas A. MATICHUK**
Airman First Class (E-3), U.S. Air Force, *Appellant*

———————————

Appeal from the United States Air Force Trial Judiciary

Decided 19 August 2020

———————————

*Military Judge:* Elizabeth M. Hernandez.

*Sentence:* Sentence adjudged 16 July 2019 by SpCM convened at Dyess Air Force Base, Texas. Sentence entered by military judge on 16 August 2019: Bad-conduct discharge, confinement for 30 days, forfeiture of $1,000.00 pay per month for 2 months, and reduction to E-1.

*For Appellant:* Captain Alexander A. Navarro, USAF.

*For Appellee:* Major Charles B. Dunn, USAF; Mary Ellen Payne, Esquire.

Before MINK, LEWIS, and MERRIAM, *Appellate Military Judges.*

Judge MERRIAM delivered the opinion of the court, in which Senior Judge MINK and Senior Judge LEWIS joined.

———————————

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 30.4.**

———————————

MERRIAM, Judge:

A special court-martial composed of a military judge alone found Appellant guilty, in accordance with his pleas and a pretrial agreement (PTA), of one

specification of wrongful use of a controlled substance on divers occasions and one specification of wrongful distribution of a controlled substance on divers occasions, in violation of Article 112a, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 912a.[1,2] The military judge sentenced Appellant to a bad-conduct discharge, confinement for two months, forfeiture of $1,000.00 pay per month for two months, and reduction to the grade of E-1. Pursuant to Rule for Courts-Martial (R.C.M.) 1109(e)(2),[3] due to Appellant's substantial assistance in the criminal investigation or prosecution of another person, the convening authority reduced the period of confinement to 30 days.

On appeal, Appellant asserts one assignment of error: that his sentence is inappropriately severe.[4] Finding no prejudicial error, we affirm.

## I. BACKGROUND

Appellant entered active duty in the United States Air Force in June 2017. Less than one year later, in May 2018, he began using lysergic acid diethylamide (LSD) with other active duty Air Force members, and in July 2018 distributed LSD to other active duty Air Force members on multiple occasions, including purchasing LSD and sharing it with other Airmen.

On the day of trial, Appellant waived, in writing, his right to submit clemency matters pursuant to R.C.M. 1106(e)(3). On 2 August 2019, trial counsel submitted to the convening authority a written request for reduction of Appellant's sentence in accordance with R.C.M. 1109(e). Trial counsel requested that "the remainder of [Appellant's] confinement be reduced and he be released pending finalization of his discharge." In support of this request, trial counsel noted that prior to his court-martial, Appellant had met with investigators

---

[1] Unless otherwise noted, all references in this opinion to the Uniform Code of Military Justice (UCMJ) are to the *Manual for Courts-Martial, United States* (2016 ed.).

[2] Pursuant to the PTA, a third specification alleging possession of LSD on divers occasions was withdrawn and dismissed after announcement of findings. We note the entry of judgment (EoJ) in this case erroneously indicates that the plea to Specification 3 of the Charge was "Dismissed pursuant to Pretrial Agreement Terms after arraignment." This statement reflects the disposition, not the Appellant's plea. Because the Appellant pleaded not guilty to Specification 3, the plea should have been recorded on the EoJ as "NG." Appellant has made no claim of prejudice and we find none.

[3] All references in this opinion to the Rules for Courts-Martial are to the *Manual for Courts-Martial, United States* (2019 ed.).

[4] Appellant personally asserts this issue pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982).

from the Air Force Office of Special Investigations (AFOSI) and provided them with information that led to the investigation and preferral of charges against three other members of his unit for similar drug offenses. Trial counsel further noted that following his court-martial, Appellant had, pursuant to a grant of testimonial immunity, provided additional information that led to preferral of an additional charge against another Airman and provided additional evidence that could be used for prosecution of other Airmen for similar offenses. Trial counsel asserted that Appellant's "assistance has substantially assisted the Government in prosecuting these drug cases."

As memorialized in the convening authority's Decision on Action memorandum dated 8 August 2019, the convening authority took no action on findings but, pursuant to Article 60, UCMJ, 10 U.S.C. § 860,[5] and R.C.M. 1109(e), reduced Appellant's period of confinement from 2 months to 30 days. The convening authority explained that he granted relief because of Appellant's "substantial contribution to investigators that ultimately led to further evidence resulting in the preferral and referral of additional charges against multiple members." The convening authority took no other action on sentence. On 16 August 2019, the military judge entered judgment pursuant to R.C.M. 1111.

## II. DISCUSSION

### A. Law

We review issues of sentence appropriateness de novo. *United States v. Lane*, 64 M.J. 1, 2 (C.A.A.F. 2006). We may affirm only as much of the sentence as we find correct in law and fact and determine should be approved on the basis of the entire record. Article 66(d), UCMJ, 10 U.S.C. § 866(d) (*Manual for Courts-Martial*, *United States* (2019 ed.) (2019 *MCM*)). "We assess sentence appropriateness by considering the particular appellant, the nature and seriousness of the offense[s], the appellant's record of service, and all matters contained in the record of trial." *United States v. Sauk*, 74 M.J. 594, 606 (A.F. Ct. Crim. App. 2015) (en banc) (per curiam) (alteration in original) (citing *United States v. Anderson*, 67 M.J. 703, 705 (A.F. Ct. Crim. App. 2009)). Although we have great discretion to determine whether a sentence is appropriate, and Article 66 empowers us to "do justice," we have no authority to "grant mercy." *United States v. Nerad*, 69 M.J. 138, 146 (C.A.A.F. 2010).

We "are required to engage in sentence comparison only 'in those rare instances in which sentence appropriateness can be fairly determined only by

---

[5] Absent contrary evidence, we presume the convening authority reduced Appellant's sentence pursuant to the version of Article 60, UCMJ, 10 U.S.C. § 860, effective on the date of the earliest offense, 15 May 2018.

reference to disparate sentences adjudged in closely related cases.'" *United States v. Sothen*, 54 M.J. 294, 296 (C.A.A.F. 2001) (quoting *United States v. Ballard*, 20 M.J. 282–83 (C.M.A. 1985)); *cf. United States v. Wacha*, 55 M.J. 266, 267 (C.A.A.F. 2001) (when cases are not closely related, we are permitted, but not required, to engage in sentence comparison). Appellant bears the burden of demonstrating other cases are "closely related" to his, and if so, that the sentences are "highly disparate." *United States v. Lacy*, 50 M.J. 286, 288 (C.A.A.F. 1999). Should an appellant meet those burdens, the Government must then demonstrate a "rational basis" for the disparate sentence. *Id.*

Cases are "closely related" when, for example, they include "coactors involved in a common crime, servicemembers involved in a common or parallel scheme, or some other direct nexus between the servicemembers whose sentences are sought to be compared . . . ." *Id.* Some sentence disparity in closely related cases does not alone invalidate an otherwise legal sentence "provided each military accused is sentenced as an individual." *United States v. Durant*, 55 M.J. 258, 261 (C.A.A.F. 2001). Should Appellant fail to meet the burden of demonstrating that the cases are "closely related," then the sentence's appropriateness "generally should be determined without reference or comparison to sentences in other cases." *United States v. LeBlanc*, 74 M.J. 650, 659 (A.F. Ct. Crim. App. 2015) (en banc).

## B. Analysis

Appellant argues his sentence, particularly his bad-conduct discharge, is too severe in light of his "background," the fact that he took responsibility for his actions, the fact that he assisted with the investigation and prosecution of multiple Airmen, and in light of the sentences other Airmen received.

Appellant does not specify which aspects of his background render a bad-conduct discharge inappropriate. At trial, Appellant referred to his upbringing in his written and oral unsworn statements and produced some character letters demonstrating he had a good work ethic. However, a careful review of the record, including all evidence admitted at trial, reveals little exemplary service or other special background that itself might render a bad-conduct discharge inappropriate.

Appellant asserts a fellow Airman—Airman First Class (A1C) KL—also received a punitive discharge as part of a "nearly . . . identical sentence," despite being convicted contrary to his pleas. Appellant argues that he should not receive a punitive discharge because, unlike A1C KL, Appellant pleaded guilty. Appellant's acceptance of responsibility in the form of a guilty plea is an appropriate consideration when determining an appropriate sentence. *See* R.C.M. 1001(g)(1). While Appellant's guilty plea and the record demonstrate some acceptance of responsibility, Appellant has also received some benefit for

that acceptance of responsibility in the form of a PTA that, among other things, dismissed a third specification which alleged a violation of Article 112a, UCMJ, and reduced the maximum punishment of confinement to which Appellant was subject from 12 months to 3 months.

Appellant also asserts his sentence is too severe in light of his cooperation with the AFOSI and testimony at A1C KL's court-martial. Appellant's cooperation and forthrightness with AFOSI were argued by his trial defense counsel at the sentencing hearing. The adjudged sentence to confinement was below the maximum to which Appellant agreed in the pretrial agreement and less than half the amount Appellant's trial defense counsel conceded might be appropriate in this case. Importantly, Appellant's cooperation and assistance was recognized when trial counsel requested the convening authority reduce his sentence pursuant to R.C.M. 1109(e)(2). The convening authority approved this request, effectively halving Appellant's adjudged sentence to confinement. Appellant's cooperation and assistance have been recognized in the entry of judgment.

Finally, Appellant's brief suggests his sentence is inappropriate in comparison to the sentences received by A1C KL and two other Airmen assigned to Dyess Air Force Base, A1C TS and A1C TP. When inviting a sentence comparison to other cases, Appellant bears the initial burdens of demonstrating both that the other cases are "closely related" to his *and* that the sentences are "highly disparate" in comparison to his own. *Lacy*, 50 M.J. at 288. Because neither Appellant nor the record provides us with sufficient information to make these determinations, Appellant has not met either burden.

Regarding whether the cases are closely related, Appellant does not identify, and the record does not reflect, the specific offenses of which A1Cs KL, TS, and TP were convicted or the dates or frequency of those offenses. Further, Appellant does not explain the extent to which A1C KL's, A1C TS's, and A1C TP's offenses overlapped with, or occurred separately from, Appellant's. We are able to deduce from the record that Appellant participated in some LSD-related activity with A1Cs KL, TS, and TP that *could possibly* lead to the conclusion that the cases are closely related, but neither the record nor Appellant provide sufficient detail for us to conclusively reach that determination.

At trial, Appellant admitted to three uses of LSD and three distributions of LSD, with two of those distributions occurring nearly simultaneously. The record indicates that Appellant purchased LSD from A1C KL once, but does not reflect that A1C KL was otherwise present for, or participated in, any of Appellant's three admitted uses or distributions of LSD. A1C TS's and A1C TP's cases are somewhat closer, though the facts available still leave us unable to determine the cases are sufficiently "closely related" to engage in sentence comparison. In his brief, Appellant alleges he engaged in "similar conduct" to that

engaged in by A1C TS and A1C TP, but does not detail how. The record indicates A1C TS facilitated one of Appellant's three admitted uses and that A1C TS also used LSD during one of Appellant's three admitted uses. Only one of Appellant's three admitted distributions was to A1C TS. The record supports that two of Appellant's three uses of LSD occurred while A1C TP was present and also using LSD, and that two of Appellant's distributions were to A1C TP. But, in contrast with Appellant's three admitted distributions, the record provides no evidence A1C TP distributed LSD.

While the offenses in separate cases need not necessarily be precisely coextensive for the cases to be "closely related," Appellant's showing that another accused was a co-actor in one or a few of Appellant's several offenses does not conclusively demonstrate the cases are closely related. In this case, Appellant's brief and the record lead us to conclude that on *some* occasions Appellant purchased LSD from, used LSD with, or distributed LSD to, *some* of the others involved in the cases with which he invites a sentence comparison. Keeping in mind that the purpose of determining whether cases are closely related is to assess whether it is appropriate to engage in sentence comparison, without more detail and explanation, we cannot determine whether the cases are sufficiently closely related.

Even if we were to determine the cases are closely related, Appellant has failed to meet his burden of showing the sentence in his case is "highly disparate" from one or more sentences in the other cases he references. Appellant's brief asserts that A1C KL, A1C TS, and A1C TP "all received the same or lesser sentences," but does not detail what those sentences were. First, Appellant's assertion that A1C KL's sentence was "nearly . . . identical" to his is insufficiently specific and effectively undermines his claim of sentence disparity. Regarding A1C TS and A1C TP, Appellant's brief only asserts that their sentences did not include punitive discharges. Neither Appellant nor the record provides further information regarding A1C TS's and A1C TP's sentences, including the length of any sentences to confinement, the amount of any forfeiture of pay and allowances, or other punishments. While a punitive discharge in one case and no punitive discharge in another closely related case *could* be highly disparate, that assessment is impossible without knowing the complete list of offenses of which each accused was convicted and the entirety of the sentence each received. Without these details, we cannot determine whether the sentences are highly disparate.

We do not conclude that the cases to which Appellant refers are not closely related or that some sentences are not highly disparate. We conclude only that Appellant has provided insufficient information upon which to reach those conclusions. Because Appellant bears the burden of demonstrating that the cases are closely related and that the sentences are highly disparate, and has failed

to do so, we do not proceed to examine whether there is a rational basis for any sentence disparity. *Lacy*, 50 M.J. at 288. Indeed, in light of the incomplete information we have regarding the cases that Appellant invites us to compare his sentence against, we could not determine if there is a rational basis for any disparity. Accordingly, we determine sentence appropriateness "without reference or comparison to sentences in other cases." *LeBlanc*, 74 M.J. at 659.

We decline Appellant's request to set aside the bad-conduct discharge. Appellant was sentenced for multiple uses of LSD and multiple distributions of LSD to other Airmen, enabling their use of LSD. The offenses of which Appellant was convicted occurred both on and off his assigned military installation, and began less than one year after he entered active duty. Based on our careful, individual, and particularized review of Appellant, the nature and seriousness of his offenses, his acceptance of responsibility, his relatively brief record of service, his cooperation in other investigations and prosecutions, and all matters contained in the record, we find the sentence is appropriate. *United States v. Baier*, 60 M.J. 382, 384 (C.A.A.F. 2005).

### III. CONCLUSION

The findings and sentence are correct in law and fact, and no error materially prejudicial to the substantial rights of Appellant occurred. Articles 59(a) and 66(d), UCMJ, 10 U.S.C. §§ 859(a), 866(d) (2019 *MCM*). Accordingly, the findings and sentence are **AFFIRMED**.


FOR THE COURT

CAROL K. JOYCE
Clerk of the Court