*This opinion is subject to revision before publication.*

# UNITED STATES COURT OF APPEALS
## FOR THE ARMED FORCES

———————————

### UNITED STATES
Appellee

**v.**

### Mellodee L. BEHUNIN, Airman First Class
United States Air Force, Appellant

**No. 22-0276**
Crim. App. No. S32684

Argued February 7, 2023—Decided March 21, 2023

Military Judge: Shadd R. Kidd

For Appellant: *Major Matthew L. Blyth* (argued); *Major David L. Bosner*.

For Appellee: *Captain Olivia B. Hoff* (argued); *Colonel Naomi P. Dennis*, *Lieutenant Colonel Matthew J. Neil*, and *Mary Ellen Payne*, Esq. (on brief).

Chief Judge OHLSON delivered the opinion of the Court, in which Judge SPARKS, Judge MAGGS, Judge HARDY, and Judge JOHNSON joined.

———————————

Chief Judge OHLSON delivered the opinion of the Court.

After meeting in the United States Air Force, Appellant and Senior Airman (SrA) CM used cocaine and lysergic acid diethylamide (LSD) while socializing together. SrA CM distributed these drugs to Appellant. In addition, before Appellant and SrA CM had ever met, they independently lied on their Air Force enlistment documents about prior drug use. When Air Force Office of Special Investigations (AFOSI) agents separately interviewed them about using drugs, both Appellant and SrA CM gave false statements. Yet upon being convicted for these offenses, Appellant was sentenced to confinement and a bad-conduct discharge while SrA CM was not sentenced to any confinement and did not receive a punitive discharge. Appellant now claims that she is entitled to sentencing relief because her case is closely related to SrA CM's case within the meaning of *United States v. Lacy*, 50 M.J. 286 (C.A.A.F. 1999). However, for the reasons set forth below, we hold that the lower court did not abuse its discretion when it concluded that while Appellant's case was indeed related to SrA CM's case, these cases were not *closely* related under *Lacy*. Accordingly, we affirm the judgment of the United States Air Force Court of Criminal Appeals (CCA).

## I. Background

Appellant's drug use began in high school when she used cocaine before enlisting in the Air Force. Despite this drug use, Appellant declared in Air Force enlistment documents that she had never used any illegal drugs, and she subsequently entered active duty in August 2018. Around April 2020, Appellant, who was an airman first class at that time, met SrA CM. In late spring of 2020, Appellant consumed drugs on two separate occasions and her source of the drugs was SrA CM. Specifically, sometime over Memorial Day weekend Appellant used LSD with SrA CM and other airmen at SrA CM's off-base apartment. And at a June 6 party, Appellant used cocaine along with SrA CM and other airmen.

After a party attendee informed AFOSI of suspected drug use, law enforcement officers separately interviewed Appellant and SrA CM. Appellant admitted to using cocaine at the June 6 party but falsely asserted that she had never used cocaine prior to that occasion. Meanwhile, SrA CM falsely claimed to AFOSI that he never saw or used drugs on June 6.

At separate special court-martial proceedings, both Appellant and SrA CM entered guilty pleas and were convicted of their respective misconduct. Specifically, a military judge convicted Appellant of one specification of fraudulent enlistment, one specification of making a false official statement, one specification of wrongful use of cocaine, and one specification of wrongful use of LSD, in violation of Article 83, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 883 (2012), and Articles 107, and 112a, UCMJ, 10 U.S.C. §§ 907, 912a (2018). As for SrA CM, a military judge convicted him of one specification of fraudulent enlistment, one specification of making a false official statement, one specification of wrongful use of cocaine, one specification of wrongful use of LSD, one specification of wrongful distribution of cocaine, and one specification of wrongful distribution of LSD, in violation of Articles 83, 107, and 112a, UCMJ.

Despite the overlap in Appellant's and SrA CM's offenses of conviction, and despite SrA CM's higher rank and additional misconduct, Appellant received a more severe sentence. The military judge sentenced Appellant to a bad-conduct discharge, confinement for 110 days, forfeiture of $1,100 pay per month for four months, and reduction to the grade of E-1. A panel of members sentenced SrA CM to hard labor without confinement for three months, forfeiture of $500 pay per month for three months, and reduction to the grade of E-1.

## II. The CCA Appeal

On appeal to the CCA, Appellant challenged whether her "sentence [was] inappropriate in light of a sentence received by another junior enlisted Airman, CM, for

essentially the same misconduct." *United States v. Behunin*, No. ACM S32684, 2022 CCA LEXIS 412, at *2, 2022 WL 2813235, at *1 (A.F. Ct. Crim. App. July 18, 2022) (unpublished). In her argument, Appellant noted that because SrA CM was tried and sentenced after Appellant's case was prosecuted, her "first chance to supplement the record and claim disparity between CM's sentence and her own [was] on appeal." *Id.* at *18-19, 2022 WL 2813235, at *6. Therefore, to enable comparison of these two cases, Appellant moved to attach the entry of judgment in the case of SrA CM. In a February 2022 order, the CCA granted the motion but "deferred deciding whether [it was] authorized to consider the results in [SrA CM's case] until" performing its Article 66, UCMJ, 10 U.S.C. § 866 (2018), review of Appellant's case. *Id.* at *14, 2022 WL 2813235, at *5. When performing this review, the CCA "assume[d] for purposes of this appeal only that [it could] consider this information" contained in SrA CM's entry of judgment. *Id.* at *16, 2022 WL 2813235, at *6.

Using the material provided, the CCA determined in relevant part that Appellant's case and SrA CM's case were "not closely related overall." *Id.* at *29, 2022 WL 2813235, at *10. Recognizing that "Appellant and [SrA] CM wrongfully used cocaine and LSD under like circumstances," the CCA concluded that the pair was engaged in a "common or parallel scheme" for the drug offenses. *Id.* at *27, 2022 WL 2813235, at *9. However, the lower court further found that although Appellant and SrA CM were both convicted of fraudulent enlistment and false official statement, there was no direct nexus between these offenses because Appellant and SrA CM "independently misrepresent[ed] what they knew about their own drug use to military officials." *Id.* at *28, 2022 WL 2813235, at *10. The CCA elaborated:

> We decline to find a nexus where the common link is that two Airmen independently violated the same article of the UCMJ and harbored a similar purpose—in this case, an intent to deceive—when they separately committed the misconduct at issue. The self-serving statements each made before enlisting and when their conduct was

under investigation establish mere similarity of offenses, but do not satisfy the required showing of nexus.

*Id.* at \*28-29, 2022 WL 2813235, at \*10. After considering other assignments of error, the lower court affirmed the findings and sentence.

### III. The Granted Issues

We granted review of two issues:

> I. Appellant and CM faced separate courts-martial for, inter alia, joint use of controlled substances. Unlike Appellant, CM received no confinement or punitive discharge for essentially the same misconduct. Did the Air Force Court misapply *United States v. Lacy*, 50 M.J. 286 (C.A.A.F. 1999) when it held that CM's and Appellant's cases were not closely-related cases whose sentences required comparison?

> II. Whether extra-record results of other courts-martial that were not part of the record of trial before Appellant's case was docketed at the CCA may be considered during its Article 66, UCMJ, review.

*United States v. Behunin*, __ M.J. __ (C.A.A.F. 2022) (order granting review). We can dispositively decide the first issue by simply assuming without deciding that the CCA properly considered SrA CM's entry of judgment. Therefore, there is no need for us to decide the second issue and we leave it for resolution in a future case. Accordingly, the remainder of this opinion solely explains why the lower court did not abuse its discretion when it concluded that Appellant's case and SrA CM's case were not closely related.

### IV. Standard of Review

"Our review of decisions by the Courts of Criminal Appeals on issues of sentence appropriateness is limited to the narrow question of whether there has been an 'obvious miscarriage[] of justice or abuse[] of discretion.' " *United States v. Sothen*, 54 M.J. 294, 296 (C.A.A.F. 2001) (alterations in original) (quoting *Lacy*, 50 M.J. at 288). An abuse of

discretion occurs "when [the CCA's] findings of fact are clearly erroneous, the court's decision is influenced by an erroneous view of the law, or the [CCA's] decision on the issue at hand is outside the range of choices reasonably arising from the applicable facts and the law." *United States v. Ayala*, 81 M.J. 25, 27-28 (C.A.A.F. 2021) (citation omitted) (internal quotation marks omitted).

## V. Applicable Law

Article 66(d)(1), UCMJ, provides the CCAs "broad discretion to determine whether a sentence 'should be approved,' a power that has no direct parallel in the federal civilian sector." *Sothen*, 54 M.J. at 296. "The [CCAs'] power to review a case for sentence appropriateness . . . includes but is not limited to considerations of uniformity and even-handedness of sentencing decisions." *Id.*

The CCAs typically have "discretion to consider and compare other [specific] courts-martial sentences when [they are] reviewing a case for sentence appropriateness and relative uniformity." *United States v. Wacha*, 55 M.J. 266, 267 (C.A.A.F. 2001). Thus, generally speaking "neither Article 66[(d)(1)] nor our precedents requires '[the CCAs] to engage in sentence comparison with specific cases.'" *United States v. Noble*, 50 M.J. 293, 294 (C.A.A.F. 1999) (quoting *Lacy*, 50 M.J. at 288). However, this general rule is subject to one exception—the CCAs "are *required* to engage in sentence comparison . . . 'in those *rare instances* in which sentence appropriateness can be fairly determined *only* by reference to disparate sentences adjudged in closely related cases.'" *Sothen*, 54 M.J. at 296 (emphasis added) (quoting *United States v. Ballard*, 20 M.J. 282, 283 (C.M.A. 1985)).

In reviewing a lower court's decision in a sentence disparity case, this Court examines three questions: "(1) whether the cases are 'closely related' . . .; (2) whether the cases resulted in 'highly disparate' sentences; and (3) . . . whether there is a rational basis for the differences" in the adjudged sentences. *Lacy*, 50 M.J. at 288. The granted issue in the instant case only concerns the first

question—whether the cases of Appellant and SrA CM are closely related.

"[A]n appellant bears the burden of demonstrating that any cited cases are 'closely related' to his or her case . . . ." *Id.* Pursuant to *Lacy*, cases are closely related if they fit within at least one of the following three categories: (A) the servicemembers were "coactors involved in a common crime," (B) the "servicemembers [were] involved in a common or parallel scheme," or (C) there was "some other direct nexus between the servicemembers whose sentences are sought to be compared." *Id.*

## VI. Discussion

We hold that the CCA did not abuse its discretion when it determined that Appellant's case was not closely related to SrA CM's case. We turn to the three *Lacy* categories to explain our conclusion.

### A. Coactors

In her brief, Appellant argues that because "[SrA] CM procured the LSD and helped procure the cocaine that he then used with [Appellant] . . . . [t]hey were . . . at [a] minimum, co-actors in the wrongful use offenses." Brief for Appellant at 31, *United States v. Behunin*, No. 22-0267 (C.A.A.F. Dec. 2, 2022). The Government counters by arguing that "[a] direct nexus between Appellant and [SrA] CM for the drug use specifications does not alone make the cases closely related." Brief for Appellee at 31, *United States v. Behunin*, No. 22-0267 (C.A.A.F. Jan. 11, 2023). We conclude that the Government has the more persuasive argument here.

In *Wacha,* we endorsed the CCA's determination that two cases were *not* closely related because all of the charges and specifications for both servicemembers did not coincide. 55 M.J. at 268 (agreeing with the CCA that cases were not closely related when "only four of appellant's 16 drug offenses involved" the comparator).[1] In contrast, in *Lacy,*

---

[1] This Court's case in *United States v. Brock*, 46 M.J. 11 (C.A.A.F. 1997), does not hold to the contrary. The *Brock*

we held that three cases *were* closely related, but we note that this conclusion was reached in tightly circumscribed circumstances. Namely:

> Appellant and two other Marines had sexual intercourse with an underage girl in the presence of each other. All three pleaded guilty to indecent acts and carnal knowledge. All three were tried by general court-martial, and each elected to be tried by a military judge sitting alone. The same judge presided at all three trials. All three Marines were convicted in accordance with their pleas.

50 M.J. at 287.

These two cases can be viewed as figurative bookends. On one end is *Wacha,* where the cases were not closely related because a substantial number of the charges and specifications did not overlap. And on the other end is *Lacy,* where the cases were closely related because the facts, charges, forum, factfinder, and trial result were seemingly identical. Between these two bookends, CCAs have broad latitude. And in the instant case, we cannot conclude that the CCA abused its discretion when it decided that Appellant and SrA CM were not "co-actors involved in a common crime" because they were coactors merely in a subset of the overall convicted offenses. *Behunin,* 2022 CCA LEXIS 412, at *27, 2022 WL 2813235, at *9.

Appellant argues, however, that her case and SrA CM's case were closely related because they were charged with identical offenses—not only the drug offenses but also the offenses of fraudulent enlistment and false official statement. But the mere fact that the servicemembers were charged under the same UCMJ articles does not mean that they were "co-actors involved in a common crime" as contemplated within the first category of *Lacy*. Appellant and SrA CM committed the offenses of fraudulent enlistment

---

decision merely held that the lower court erred by declining to consider evidence on the issue of whether two cases were closely related. *Id.* at 13. This Court did not make any determination on whether the cases were in fact closely related. *See id.*

and false official statement as independent actors rather than as coactors. This point is most clearly demonstrated by the fact that Appellant and SrA CM did not even know one another at the time they each committed the offense of fraudulent enlistment. Therefore, the lower court did not abuse its discretion in deciding that Appellant and SrA CM do not fall within the first category of *Lacy*.[2]

### B. Common or Parallel Scheme

As Appellant emphasizes in her brief, the CCA indicated in its opinion that Appellant could be viewed as having been involved in a common or parallel scheme. But the nuances and caveats of the relevant passage of the lower court's opinion are key and thus it merits direct quotation:

> Although Appellant and [SrA] CM were not plainly co-actors involved in a common crime, they each sought to use illegal drugs and then did so, which to us suggests the existence of a "common or parallel scheme." If their individual Article 112a, UCMJ, convictions were all this court considered to determine whether their cases were closely related, we would not have difficulty finding Appellant has shown that they were.
>
> However, Appellant and [SrA] CM also stand convicted of fraudulent enlistment after they *independently* misrepresented preservice drug use in applications to join the Air Force. Each was convicted, also, of *separately* making a false official statement to military investigators with intent to deceive.

---

[2] We do not mean to suggest that an appellant and the putative coactor must be convicted of identical offenses in order for them to have closely related cases. *See Sothen*, 54 M.J. at 296 (holding that cases involving a military appellant and a civilian coactor could be closely related even though the military "appellant was convicted of multiple serious offenses, while his [civilian] co-actor was convicted only of a single count"). It is the nexus between the convicted offenses that serves as the key determinant.

*Behunin*, 2022 CCA LEXIS 412, at *27, 2022 WL 2813235, at*9 (emphasis added) (footnote omitted) (citation omitted).

Considering the totality of these circumstances, we cannot find that the CCA abused its discretion when it reached its legal conclusion that the two cases here were not part of a "common or parallel scheme." Specifically, despite the fact that they both were charged with identical UCMJ offenses, there was no direct nexus between the actual *conduct* of Appellant and SrA CM in regard to the serious offenses of fraudulent enlistment and false official statement. Simply stated, Appellant and SrA CM were independent actors in regard to these crimes. Accordingly, it fell within the broad discretion of the CCA to decide that holistically, there was no common or parallel scheme here for purposes of a sentence disparity analysis.

### C. Other Direct Nexus

In terms of the third category under *Lacy*, Appellant insistently points to the similarity of the offenses with which Appellant and SrA CM were charged. But as this Court stated in *United States v. Washington*, 57 M.J. 394, 401 (C.A.A.F. 2002), "[t]he mere similarity of offenses is not sufficient" for sentence disparity purposes. And here, because Appellant and SrA CM were independent actors with respect to their separate fraudulent enlistment and false official statement offenses, it was not an abuse of discretion for the CCA to conclude that there was no "other direct nexus" between these cases. *Behunin*, 2022 CCA LEXIS 412, at *29, 2022 WL 2813235, at*10. Accordingly, Appellant has not provided us with a sound basis to reverse the lower court's holding that Appellant's case and SrA CM's case were not "closely related."

### D. Conclusion

In light of this discussion, we conclude that it was within "the range of choices reasonably arising from the applicable facts and the law" for the CCA to conclude that the three *Lacy* categories were not met here. *Ayala*, 81 M.J. at 28 (internal quotation marks omitted) (citation omitted).

As such, the CCA did not abuse its discretion when it held that Appellant's and SrA CM's cases were not closely related cases whose sentences required comparison.

## VII. Judgment

The judgment of the United States Air Force Court of Criminal Appeals is affirmed.