*This opinion is subject to administrative correction before final disposition.*

# United States Navy–Marine Corps
# Court of Criminal Appeals

Before
KISOR, DALY, and MIZER
Appellate Military Judges

_____

**UNITED STATES**
*Appellee*

**v.**

**Albert J. WILLIAMS**
Gunnery Sergeant (E-7), U.S. Marine Corps
*Appellant*

**No. 202300217**

_____

Decided: 15 March 2024

Appeal from the United States Navy-Marine Corps Trial Judiciary

Military Judge:
Derek A. Poteet

Sentence adjudged 18 April 2023 by a special court-martial convened at Marine Corps Base Camp Pendleton, California, consisting of a military judge sitting alone. Sentence in the Entry of Judgment: reduction to E-4, confinement for 30 days, and a bad-conduct discharge.

For Appellant:
*Major Joshua P. Keefe, USMC*

For Appellee:
*Lieutenant Michael A. Tuosto, JAGC, USN*
*Major Allison V. Acosta, USMC*

Senior Judge KISOR delivered the opinion of the Court, in which Judge DALY and Judge MIZER joined.

———————————

**This opinion does not serve as binding precedent, but may be cited as persuasive authority under NMCCA Rule of Appellate Procedure 30.2.**

———————————

KISOR, Senior Judge:

A military judge sitting as a special court-martial convicted Appellant, consistent with his guilty plea, of one specification of wrongfully receiving stolen ammunition of a value more than $1,000, in violation of Article 122a, Uniform Code of Military Justice [UCMJ].[1]

Appellant asserts one assignment of error: whether the bad-conduct discharge portion of Appellant's sentence is inappropriately severe. Because it is not, we find no prejudicial error and affirm.

## I. BACKGROUND

Appellant, a Gunnery Sergeant with a generally excellent service record, was an explosive ordinance disposal technician at Camp Pendleton, California, assigned to Expeditionary Operations Training Group, I Marine Expeditionary Force. In March 2022, Appellant and a civilian contractor who also worked at the range were discussing whether disposing of unused ammunition was a waste. Sometime thereafter, the civilian contractor visited Appellant off base and gifted him over ten thousand rounds of pistol and rifle ammunition that the contractor had stolen from the Camp Pendleton range. The ammunition was clearly military property and was in readily identifiable containers. The monetary value of this ammunition approximated $4,200.00. Appellant attempted to have this ammunition included as part of his household goods shipment while he was changing duty stations, wherein it was discovered.[2]

After an Article 32, UCMJ, preliminary hearing, Appellant's case was referred to a general court-martial; but as a part of the plea bargaining process, the convening authority referred a single charge of receiving stolen military

---

[1] 10 U.S.C. § 922a.

[2] Pros. Ex. 1.

property of a value exceeding $1000 to this special court-martial. Although the jurisdictional maximum of a special court-martial includes up to a year of confinement, Appellant and the convening authority agreed to a confinement range of 0-45 days, to be determined by the military judge at sentencing. The parties also agreed that "a Bad Conduct Discharge shall be adjudged."[3]

## II. DISCUSSION

Raised pursuant to *United States v. Grostefon,*[4] Appellant contends that the bad-conduct discharge adjudged in this case is inappropriately severe for this offense and this offender.

### A. Standards of Review and the Law:

We review sentence appropriateness *de novo*.[5] The Courts of Criminal Appeals have broad power to "affirm only such findings of guilty and the sentence or such part or amount of the sentence, as it finds correct in law and fact and determines, on the basis of the entire record, should be approved."[6] Put differently, "a CCA may not affirm any portion of a sentence that it finds excessive."[7] This analysis requires an "individualized consideration of the particular accused on the basis of the nature and seriousness of the offense and the character of the offender."[8] In exercising this function, we seek to ensure that "justice is done and that the accused gets the punishment he deserves."[9] And in making this assessment, we analyze the record as a whole.[10]

Appellate courts, of course, do not have clemency powers per se, that being

---

[3] App. Ex. 1 at para. 10, "[S]entencing limitations."

[4] 12 M.J. 431 (C.M.A. 1982).

[5] *United States v. Lane*, 64 M.J. 1, 2 (C.A.A.F. 2006).

[6] *United States v. Wheelus*, 49 M.J. 283 (C.A.A.F. 1998); *See United States v. Bell*, 60 M.J. 682 (N-M. Ct. Crim. App. 2004).

[7] *United States v. Flores*, __ M.J. __ (C.A.A.F. 2024) (citing *United States v. Jesse*, 79 M.J. 437, 440 (C.A.A.F. 2020)); *see also United States v. Kerr*, No. 202200140, 2023 CCA LEXIS 434 (N-M. Ct. Crim. App. Oct. 17, 2023)).

[8] *United States v. Snelling*, 14 M.J. 267, 268 (C.M.A. 1982) (citation and internal quotation marks omitted).

[9] *United States v. Healy*, 26 M.J. 394, 395 (C.M.A. 1988).

[10] *Id*. at 395-97. If the sentence were segmented (which this one is not), we would likewise analyze each part. *See United States v. Flores*, __ M.J. __ (C.A.A.F. 2024).

an executive function of the convening authority.[11] Clemency involves bestowing mercy and is the prerogative of the convening authority and the Secretary of the military service rather than the military appellate courts.[12]

## B. The sentence in this case is not inappropriately severe.

Despite negotiating a favorable plea agreement that reduced the forum from a general court-martial to a special court-martial and protected Appellant from confinement in excess of 45 days, Appellant now contends that the sentence that includes the (bargained for) bad-conduct discharge is inappropriately severe.[13] The Government, for its part, points out that the military judge discussed the specific terms of the plea agreement, including the bad-conduct discharge provision, with Appellant at length, and Appellant repeatedly expressed his desire to enter into the plea agreement.[14]

Appellant's contention is based upon two factors that were both baked into the plea bargaining process and the plea agreement itself: that Appellant had an "unblemished" prior record and that he accepted responsibility for his actions.[15] Appellant cites this Court's recent opinion in *United States v. Kerr* as analogous.[16]

Our superior Court's precedents do not require this Court to explain its reasoning when assessing the reasonableness of a sentence.[17] Additionally, this case is unrelated to *Kerr* and we do not generally engage in sentence comparison in unrelated cases, and we will not do so here.[18] Nonetheless, we observe that an important facet of this case is readily distinguishable from *Kerr*. In *Kerr*, the military judge expressed profound reservations about accepting that plea agreement for that offender because of the severity of the sentence,

---

[11] *Wheelus*, 49 M.J. at 283 (citing *Healy*, 26 M.J. at 395).

[12] *See generally Healy,* 26 M.J. at 395.

[13] Appellant's Br. at 8.

[14] Appellee's Br. at 13; R. at 56-92.

[15] Appellant's Br. at 8.

[16] *Id*. at 8 (citing *United States v. Kerr*, No. 202200140, 2023 CCA LEXIS 434 (N-M. Ct. Crim. App. Oct. 17, 2023)).

[17] *United States v. Winckelmann*, 73 M.J. 11, 16 (C.A.A.F. 2013) ("The Court of Criminal Appeals did not detail its analysis in this case; nor was it obligated to do so.").

[18] *See United States v. Lacy*, 50 M.J. 286 (C.A.A.F. 1999); *United States v. Behunin*, 83 M.J. 158 (C.A.A.F. 2023). *See generally United States v. Ballard*, 20 M.J. 282, 283 (C.M.A. 1985); *United States v. Wacha*, 55 M.J. 266, 267 (C.A.A.F. 2001). Appellant does not argue that these cases are related.

which included a punitive discharge and 8 months of confinement.[19] Reviewing that sentence de novo, this Court agreed that the punitive discharge in that case—even though bargained for—was inappropriately severe and we set it aside.[20] In stark contrast, the military judge in this case accepted the plea agreement without expressing any reservation, and he did not recommend that the convening authority exercise any clemency or suspend the bad-conduct discharge.[21]

Although not dispositive, when an accused who is represented by competent counsel bargains for a punitive discharge in return for other provisions, that is strong evidence that the punitive discharge is not inappropriately severe. This is particularly so where the plea agreement is accepted by the military judge without express reservation. But this does not mean we surrender to the parties or military judge our duty to determine sentence appropriateness. At the same time, while we have considerable power to adjust sentences we deem to be inappropriately severe, we do not have equitable power to grant clemency.[22]

In sum, in reviewing this sentence de novo, we do not believe that this sentence, including the unsuspended bad-conduct discharge, is inappropriately severe under the circumstances of this case. We will not disturb it on appeal.

---

[19] *Kerr*, 2023 CCA LEXIS 434.

[20] *See id.*

[21] R. at 243. Of course, a military judge's clemency recommendation is non-binding on the convening authority. *See* R.C.M. 1009(f) and (g).

[22] *See United States v. Nerad,* 69 M.J. 138 (C.A.A.F. 2010).

### III. CONCLUSION

After careful consideration of the record and briefs of appellate counsel, we have determined that the findings and sentence are correct in law and fact and that no error materially prejudicial to Appellant's substantial rights occurred.[23]

The findings and sentence are **AFFIRMED**.

FOR THE COURT:

MARK K. JAMISON
Clerk of Court

---

[23] Articles 59 & 66, UCMJ.